**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

FEDERAL DEPOSIT INSURANCE :
CORPORATION, as receiver for :
SILVERTON BANK, N.A., :
:
    Plaintiff, : CIVIL ACTION NO.
: 1:11-CV-2134-RWS
v. :
:
LARRY W. JACKSON, :
    Defendant. :
:

## **ORDER**

This case comes before the Court on Plaintiff's Partial Motion for Judgment on the Pleadings [6].[1] After a review of the record, the Court enters the following order.

Plaintiff, the FDIC as receiver for Silverton Bank, NA, filed this suit against the Defendant, asserting that the Defendant was in default of an August 29, 2009 Promissory Note which was issued in favor of Silverton in the principal amount of $550,000. Cmpl., Dkt. No. [1]. "In his Answer, Defendant admits that he signed the Note and that he failed to pay the principal amount of

---

[1]The Plaintiff notes that the matter of outstanding interest is disputed and will warrant discovery. Dkt. No. [6] at 2 n.1.

$550,000 owed Silverton under the Note.[2] Jackson admits that Plaintiff attached a true and correct copy of the Note to its Complaint." Def.'s Opp., Dkt. No. [9-1] at 2. However, Defendant asserted in his answer as a defense that "Plaintiff is not the holder in due course of the . . . Note . . . Specifically, Plaintiff, in its corporate capacity, as authorized by 12 U.S.C. § 1823(c)(2)(A), did not properly purchase the Note and that any transfer of the ownership of the Note from Silverton to Plaintiff lacked adequate consideration." Plaintiff has now moved for partial judgment on the pleadings, seeking a judgment in its favor of $632,500, consisting of the $550,000 principal amount plus $82,500, or the contractually agreed upon figure for costs (15% of the principal amount).

**1. Legal Standard**

After the pleadings are closed but within such time as not to delay trial, a party may file a motion for judgment on the pleadings. FED. R. CIV. P. 12(c); see Conner v. Tate, 130 F. Supp. 2d 1370, 1373 (N.D. Ga. 2001). Judgment on the pleadings is appropriate only when no issues of material fact exist, and the movant is entitled to judgment as a matter of law. Ortega v. Christian, 85 F.3d 1521, 1524 (11th Cir. 1996). A court considers only the substance of the

---

[2]Defendant specifically admitted "that [he] owes Silverton the principal amount of $550,000 arising under the Note."Ans., Dkt. No. [4] at ¶ 18.

2

pleadings and any judicially noticed facts, and the court accepts the facts as set forth in the pleadings as true and views them in the light most favorable to the nonmoving party. Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998).

### 2. Lack of Consideration

Plaintiff first argues that Defendant does not have standing to challenge whether the FDIC paid adequate consideration for the Note from Silverton. See Breus v. McGrif, 413 S.E.2d 528, 539 (Ga. Ct. App. 1991) ("[Defendants] are strangers to the assignment contract between [the assignee] and [the original payee] and thus have no standing to challenge its validity. It is no defense by the maker of a note that the transfer of the note by the payee to the transferee is without consideration."). Defendant did not respond to this argument; thus, Plaintiff's claim is deemed unopposed. LR 7.1(B), NDGa ("Failure to file a response shall indicate that there is no opposition to the motion.").

### 3. Holder in Due Course

Plaintiff next argues that because it took Silverton's assets by operation of law, Defendant cannot challenge Plaintiff's standing to enforce the Note. Pursuant to 12 U.S.C. § 1821(d)(2)(A), "[t]he Corporation shall, as conservator

3

or receiver, and by operation of law, succeed to – (i) all rights, titles, powers, and privileges of the insured depository institution." Further, the statute goes on to provide that the FDIC may "collect all obligations and money due the institution." 12 U.S.C. § 1821(d)(2)(B)(ii). Defendant has not disputed that the FDIC took over the bank, and the Court may take judicial notice of the same. Thus, Plaintiff argues, FDIC took over all of Silverton's assets, including the ability to collect on outstanding Notes, by operation of law, and Defendant cannot challenge that it is a holder in due course. See FDIC v. Houde, 90 F.3d 600, 606 (1st Cir. 1996) ("Once a receivership of a failed bank takes place, the transfer of the failed bank's assets to the FDIC occurs by operation of law.").

In response, Defendant for the first time argues that the FDIC has not proven that Silverton was a holder in due course of the Note at the time when the FDIC took over the bank. Thus, Defendant argues, there may be some third party who is actually the proper holder in due course. However, this argument is foreclosed by Defendant's expressed admission that he "owes Silverton the principal amount of $550,000 arising under the Note." Ans., Dkt. No. [4] at ¶ 18. Because Defendant admitted he owes Silverton the $550,000–a present

4

tense admission–and because the FDIC took that Note by operation of law, Plaintiff's Motion is **GRANTED** as to the principal debt of $550,000.

As well, in his opposition, Defendant does not challenge that if the Court finds that he owes Plaintiff the principal amount he would also owe 15% in costs. Rather, he has only challenged Plaintiff's numerical calculation of that cost (that 15% of $550,000 is not $132,500). Because the Court finds that 15% of $550,000 is $82,500, the Plaintiff's Motion is also **GRANTED** as to the contractual collection costs of $82,500.

As a result of the foregoing, Plaintiff's Motion [6] is **GRANTED**. The Court notes that only issue left before the Court is the amount of interest owed under the Note.

**SO ORDERED**, this  17th  day of February, 2012.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)